UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROGER JORY MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-03187-SPM |
| ) | |
| REGIONS BANK, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Regions Bank, Inc.'s Motion to Dismiss Amended Complaint. (Doc. 23). The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 12). For the following reasons, the motion will be denied.

**I.    LEGAL STANDARD**

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "does not need detailed factual allegations" to survive a motion to dismiss, but it must contain factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570.

Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

In assessing the plausibility of claims, the Court may consider "documents necessarily embraced by the complaint," which include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (internal quotation marks omitted). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)). "This is true even if contract documents not attached to the complaint refute a breach-of-contract claim . . ." *Id. See also Chesterfield Spine Ctr., LLC v. Healthlink HMO, Inc.*, No. 4:15-CV-1169-RWS, 2016 WL 427952, at *2 n.2 (E.D. Mo. Feb. 4, 2016) (allowing introduction of the parties' contract as an exhibit on a motion to dismiss because it was "necessarily embraced by the complaint").

**II.     FACTUAL BACKGROUND**

Plaintiff Roger Jory Montgomery ("Plaintiff") brings this action against Regions Bank, Inc. ("Defendant"). Plaintiff alleges that he maintained at least eleven accounts with Defendant, including accounts ending in -9640, -8305, -7001, -0401, -2387, -1620, -3827, -9866, -7222, -8089, and -3305. Plaintiff alleges that he held an ownership interest in each of these accounts. Plaintiff and Defendant entered into various contracts (each a "Deposit Agreement") signed and executed by each party. Plaintiff alleges that under each Deposit Agreement, Defendant agreed to hold Plaintiff's monies in its financial institution and to have the monies available to Plaintiff upon

his demand or order, via a check, to send the monies to a different financial institution. Defendant was compensated for holding the monies by charging a banking fee, by use of the monies to loan to third parties for profit, and by use of the monies to pay interest to third parties via certificates of deposit. Plaintiff, directly or through his wife, made demand for the return of his monies, and Defendant failed to return the monies to Plaintiff.

During the time Plaintiff maintained accounts with Defendant, Michelle Green ("Green") was employed by Defendant and had access to Plaintiff's accounts. It was discovered that over a course of years, Green used said employment and access to make hundreds of thousands of unauthorized transfers from Plaintiff's accounts to her personal accounts. Defendant lacked the necessary audit controls to detect the unlawful actions of its employee, and/or failed to monitor its audit controls. Because of this lack of control and/or monitoring, Plaintiff's monies were stolen while in Defendant's possession. Defendant was thus unable to return Plaintiff's property, as required by the Deposit Agreements. Plaintiff alleges that hundreds of thousands of dollars of Plaintiff's monies were lost while in Defendant's possession.

Based on these allegations, Plaintiff brings a breach of contract action against Defendant, alleging that Defendant breached its contractual duty to Plaintiff when it failed to return Plaintiff's monies to him, as required by the Deposit Agreements. Plaintiff alleges that he lost property, lost the ability to earn interest on the property, incurred attorney fees in an attempt to claim the monies, incurred thousands of dollars in overdraft fees as a result of the theft, and has not been made whole by Defendant. Plaintiff also alleges that he has suffered extreme mental distress as a result of the financial pressure of the actions of Defendant and the stress on Plaintiff's marriage.

Plaintiff did not attach copies of any of the Deposit Agreements or any other contract documents to the Complaint or to his briefing on the motion to dismiss. However, Defendant

attached three documents to its brief in support of the motion to dismiss:  (1) an "Account Package" document for an account ending in -0430 (this is *not* one of the account numbers specifically mentioned by Plaintiff in his complaint), Def.'s Ex. 1, at 1; (2) an "Account Package" document for an account ending in -2387 (this *is* one of the account numbers specifically mentioned by Plaintiff in his Complaint), Def.'s Ex. 1, at 2; and (3) a Deposit Agreement, Def.'s Ex. 2.

The two Account Package documents are substantially similar, aside from their account numbers. Each Account Package contains several "Customer Name" lines: one listing Montgomery Revocable Trust Indenture (Relationship: Living Trust TIN Owner); one listing Debbie L. Montgomery (Relationship: Co-Trustee); and one listing Roger J. Montgomery (Relationship: Co-Trustee). Def.'s Ex. 1, at 1-2. Each Account Package document states, *inter alia*, "By signing below, I . . . agree to be bound by the terms of the Bank's Deposit Agreement, . . . related to each account or service listed below . . ." *Id.* Debbie Montgomery signed the "Customer Signature" line at the bottom of the page. *Id.* In the "Signature Card" box on the same page, both Debbie Montgomery and Roger Montgomery signed. *Id.* The Signature Card states, *inter alia*, "NOTE: If the account is a joint account, it is owned by the parties whose signatures appear to the right and/or who are added to the account as joint tenants with right of survivorship hereon." *Id.*

The Deposit Agreement states, *inter alia*, "By signing a signature card when you open an account . . ., you agree to the terms of this Agreement, as amended. Our agreement with you includes this Agreement, our pricing schedule, funds availability policy as posted, and any supplemental provisions we print concerning your account, which are applicable. All these documents together are a contract between you and us." Def.'s Ex. 2, at 3. The Deposit Agreement also defines "You, your, yours, depositor, and customer" to mean, "as the context may require, . . . any person or entity that uses the account or is authorized to transact business on the

account, by any means whatsoever, including electronically, whether such authority is evidenced by signature cards, organizational resolutions, or otherwise . . ." *Id.* at 1.

### III. DISCUSSION

The Court first considers whether the documents Defendant attached to its motion to dismiss are documents "documents necessarily embraced by the complaint," *Ashanti*, 666 F.3d at 1151, such that the Court may properly consider them for purposes of resolving Defendant's motion to dismiss. Although Plaintiff does not dispute Defendant's contention that these documents may be considered, is not entirely clear to the Court that this standard is satisfied as to all of the documents. The Deposit Agreement is specifically mentioned in the Amended Complaint as a basis for Plaintiff's claims, but the Account Package documents submitted by Defendant are not. Moreover, one of the Account Package documents (that for the account ending in -0430) concerns an account not specifically mentioned in the Amended Complaint. However, in light of Plaintiff's concession that all of the documents may be considered, and because the Court finds that the motion must be denied even when these documents are considered, the Court will assume that all of these documents may be considered for purposes of resolving this motion.

The parties agree that Missouri law applies to Plaintiff's breach of contract action. Under Missouri law, the elements of a breach of contract claim are: "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010). *Accord Moore v. Armed Forces Bank, N.A.*, 534 S.W.3d 323, 327 (Mo. Ct. App. 2017). A party "fails to state a claim for breach of contract [if] it does not set out [the claimant's] rights or [the defendant's] obligations under the contract." *Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 884 (E.D. Mo. 2013) (quoting *Trotter's Corp. v.*

*Ringleader Restaurants, Inc.*, 929 S.W.2d 935, 941 (Mo. Ct. App. 1996)). "Vague references to unspecified 'agreements' are insufficient to state a claim for breach of contract." *Id.*

Defendant argues that the Amended Complaint should be dismissed for two reasons: (1) Plaintiff has no individual right to proceed with this action, because he does not own the accounts at issue; and (2) Plaintiff has not sufficiently set forth the parties' obligations under the relevant contract. The Court will consider each argument in turn.

### A. Plaintiff's Individual Right to Bring this Breach of Contract Action

Defendant's principal argument is that Plaintiff cannot proceed with this action because the contracts at issue show that he has no individual ownership interest in the Regions accounts. For several reasons, the Court finds this argument unpersuasive at this stage of the litigation.

First, Defendant provides the Court with no basis whatsoever for drawing the conclusion that Plaintiff has no ownership interest in the accounts ending in -9640, -8305, -7001, -0401, -1620, -3827, -9866, -7222, -8089, and -3305. In a footnote to its brief, Defendant states that the -0430 and -2387 accounts are the only two accounts Defendant has located that list Plaintiff, and that although Plaintiff's wife might have additional accounts with Defendant, Plaintiff is not listed on them. However, no documents related to any accounts other than the -0430 and -2387 accounts are before the Court. Plaintiff alleges in the Complaint that he has an ownership interest in the accounts ending in -9640, -8305, -7001, -0401, -1620, -3827, -9866, -7222, -8089, and -3305, and the Court must accept that allegation as true for purposes of resolving the motion to dismiss.[1]

---

[1] The Court is not persuaded by Plaintiff's argument that even if some accounts list only his wife's name and not his, he has an ownership interest in accounts under Mo. Rev. Stat. § 452.330, because all property acquired by either spouse after a marriage is presumed to be marital property. Section 452.330.2 states, "*For purposes of sections 452.300 to 452.415 only*, 'marital property' means all property acquired by either spouse subsequent to the marriage," subject to certain exceptions. Mo. Rev. Stat. § 452.330.2 (emphasis added). Sections 452.300 to 452.415 concern dissolution of marriage proceedings and related issues, none of which are at issue here. Plaintiff does not explain

Second, even with respect to -0430 and -2387 accounts, for which Defendant has submitted documents, Defendant has not demonstrated that Plaintiff has no individual ownership interest. Defendant argues that the accounts are set up solely in the name of the Montgomery Trust, and that the Montgomery Trust is the sole owner of each account. But the contract documents submitted by Plaintiff are not entirely clear on this point. Each "Account Package" lists three "Customer Names," and Plaintiff's name is one of the names listed. Each Account Package states that the account is being opened "in the name(s) listed on this application," suggesting that each account was opened (at least in part) in Plaintiff's name. Additionally, the Signature Card section of the Account Package Document states, "If the account is a joint account, it is owned by the parties whose signature appear to the right . . .," and Plaintiff's signature appears to the right. It is not clear to the Court from this document whether the Montgomery Revocable Trust Indenture is the sole owner of the accounts; it also appears possible that the account is a joint account. Although Defendant, in its Reply, cites provisions in the Deposit Agreement distinguishing "Multi-Party Accounts" and "Formal Trust Accounts," the Account Package documents do not clearly label the accounts at issue using either term, nor do the other facts currently before the Court permit the Court to find, as a matter of law, that the accounts at issue are formal trust accounts and not joint accounts or other types of accounts. Moreover, Defendant has not directed the Court to any law governing whether, and under what circumstances, a co-trustee may have an ownership interest (joint or otherwise) in trust assets. The Court need not consider arguments in support of a motion to dismiss that are undeveloped or unsupported by authority. *See Bayer U.S., LLC, v. Zeng*, No. 4:20-CV-00431 SRC, 2020 WL 4429542, at *2 (E.D. Mo. July 31, 2020) (noting that the Court

---

why this statute would create an ownership interest outside of the limited context of dissolution of marriage proceedings.

did not need to consider a defendant's undeveloped arguments in support of a motion to dismiss) (citing *United States v. Roberts*, 881 F.3d 1049, 1053 (8th Cir. 2018), and E.D. Mo. L. R. 4.01(A)).

Third, even assuming, *arguendo*, that Plaintiff does not have an individual ownership interest in the two accounts at issue, that does not necessarily mean that he cannot bring a breach of contract action based on those accounts. It appears from the terms of the contract that Plaintiff was a party to the Deposit Agreement. The Deposit Agreement states that "[b]y signing a signature card when you open an account . . . you agree to the terms of this Agreement, as amended." Def.'s Ex. 2, at 3. The Deposit Agreement also defines "You, your, yours, depositor, and customer" to include "as the context may require, any person . . . in whose name the account is maintained according to our records, and/or any person or entity that uses the account or is authorized to transact business on the account, by any means whatsoever . . ., whether such authority is evidenced by signature cards, organization resolution or otherwise . . ." *Id.* at 1.  Because Plaintiff signed the signature card, he was a party to the Deposit Agreement, and he alleges that Defendant breached that agreement by failing to make the money in the account available to him upon his demand. These facts plausibly suggest that Defendant breached a contractual duty to Plaintiff, whether or not he was the "owner" of the accounts.

Defendant's other arguments are also unpersuasive. Defendant argues that it is a fundamental concept of American jurisprudence that plaintiffs generally lack standing to bring claims on behalf of a third party, relying on *Warth v. Seldin*, 422 U.S. 490, 502 (1975), and *In re Estate of Butters v. Ash*, No. 2;08-CV-55-JCH, 2009 WL 1536606, at *2 (E.D. Mo. May 28, 2009). Here, however, Plaintiff is not attempting to bring a claim on behalf of a third party; he is attempting to bring a claim on behalf of himself. Defendant also argues that although a trustee may bring an action on behalf of the trustee in a representative capacity, under Missouri trust law, a co-

trustee must act by majority decision, and one co-trustee cannot proceed with a legal action without the other's consent. *See In re Reuter*, 499 B.R. 655, 671 (Bankr. W.D. Mo. 2013) (citing Mo. Rev. Stat. § 456.7-703.1). Here, however, based on the face of the Complaint, Plaintiff is not attempting to bring a claim on behalf of the trust, but on behalf of himself.[2]

For all of the above reasons, Defendant has not shown that a dismissal of Plaintiff's claims is appropriate based on a lack of ownership interest in the accounts at issue. However, Defendant is not precluded from raising this issue in a properly supported motion for summary judgment.

### B.  The Parties' Obligations Under the Contracts

Defendant's next argument is that Plaintiff has not sufficiently set forth the parties' obligations under the relevant contracts. Specifically, Defendant argues that Plaintiff has not identified the contractual provision breached and has not pleaded that he performed or tendered performance under the contracts at issue.

After reviewing the allegations in the Amended Complaint and accepting those facts as true, the Court finds that Plaintiff has alleged sufficient facts to establish each of the elements of a breach of contract action. With regard to the first element (the existence and terms of a contract), Plaintiff has alleged the existence of specific contracts—the Deposit Agreements, along with specific account numbers. He has also alleged a contractual duty Defendant owed to him—the duty to hold Plaintiff's monies in its financial institution and to have the monies available to

---

[2] The Court acknowledges that Plaintiff's Opposition introduces some confusion on this point. Plaintiff argues that even if the Trust is the sole owner of the account, Plaintiff has a right to bring an action on behalf of the Trust. He further states he states that he has obtained the consent of his wife, the co-trustee, to bring this action on behalf of the Trust. However, Plaintiff's Amended Complaint does not even mention the Trust, and the Court does not interpret the Amended Complaint as bringing an action on behalf of the Trust. To the extent that Plaintiff intends to assert claims on behalf of the Trust, he will need to seek leave to amend his complaint to include such a claim, and he would need to appropriately plead the necessary facts to bring such a claim.

Plaintiff upon his demand. Although Defendant suggests that Plaintiff was required to allege the identities of all of the contracting parties for each contract, Defendant cites no authority to suggest that this is required to survive a motion to dismiss. Additionally, although Plaintiff does not attach the contracts to the Amended Complaint or point to the specific provisions in each contract, that is not necessarily required at this stage. *See, e.g., Snelling v. HSBC Card Servs., Inc.*, No. 4:14 CV 431 CDP, 2015 WL 3621091, at *10 (E.D. Mo. June 9, 2015) (denying motion to dismiss breach of contract claim; stating, "Although [Plaintiff] has not set forth the explicit terms of the contract or attached the [contract] to his complaint, those failures are not dispositive of the contract claim at this stage in the proceedings.").

With regard to the second element (that plaintiff performed under the contract), Plaintiff has alleged Defendant was compensated for holding the monies through a banking fee, and the Court finds this sufficient to allege a tender of performance. Defendant argues that this element is not satisfied because, *inter alia*, Plaintiff did not allege that he had reviewed bank statements and reported unauthorized transactions in a timely manner, as required by Section 10 of the Deposit Agreement. However, Defendant does not provide the Court with any authority to suggest that a plaintiff must affirmatively plead compliance with every duty imposed on it in the contract in order to survive a motion to dismiss. Moreover, it is not clear at this stage whether the Deposit Agreement attached to Defendant's motion applies to all of the accounts alleged in Plaintiff's Amended Complaint.

Plaintiff has also adequately pleaded the third element (a breach of the contract by Defendant), by alleging that Defendant failed to make Plaintiff's money available to him on demand, as required by the Deposit Agreements. Finally, Plaintiff has adequately pleaded the

fourth element (damages) by alleging that as a result of Defendant's breach, Plaintiff lost property, incurred attorney's fees and overdraft fees, and has suffered extreme mental distress.

In sum, although Plaintiff's Amended Complaint does not contain detailed factual allegations, it contains enough facts to "state a claim to relief that is plausible on its face" and "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. Thus, at this stage of the litigation, Defendant has not shown that it is entitled to dismissal of the Amended Complaint. Defendant is free to raise its arguments a motion for summary judgment that is properly supported by relevant case law and evidence.

## IV. CONCLUSION

For all of the above reasons, the Court finds that Defendant is not entitled to dismissal of Plaintiff's claims. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Region Bank, Inc.'s Motion to Dismiss Amended Complaint (Doc. 23) is **DENIED.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of August, 2020.